## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| **Dorsey Lamar Taylor, # 65116-019,** | ) | **Case No. 2:16-cv-1826-RBH-MGB** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **Warden, Satellite Prison Camp at** | ) | |
| **Edgefield, South Carolina** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

Dorsey Lamar Taylor ("Petitioner") is a federal prisoner at the Satellite Prison Camp at the Federal Correctional Institution ("FCI–Edgefield") in South Carolina. He has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. (DE# 1). He is proceeding *pro se* and has paid the $5.00 filing fee (DE# 6, receipt number SCX200013644). This case is now in proper form. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2) (D.S.C.), the assigned Magistrate Judge is authorized to review the petition and submit findings and recommendations to the District Judge. Having carefully reviewed the record, the Magistrate Judge recommends that the Petitioner has not exhausted his administrative remedies at the Bureau of Prisons ("BOP"), and therefore, the petition should be **summarily dismissed** without prejudice, for the following reasons:

## I.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25

(1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc), *cert. denied*, 516 U.S. 1177 (1996); *and Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).[1]

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* complaints does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## II.  Background

Petitioner indicates he was federally indicted for violation of 21 U.S.C. § 841. (DE# 1, ¶ 8). Petitioner pleaded guilty and was convicted. (*Id*. at ¶ 10). On February 24, 2015, the United States District Court for the Northern District of Georgia imposed a sentence of 60 months imprisonment. (See Case No. 2:13-C.F.R. §-034-RWS). Petitioner did not appeal. (*Id*. at ¶ 12). In his petition, Petitioner alleges that:

> I served time in a county jail facility prior to my sentence. That time has not been credited against my sentence or as "prior custody time credit." Failure to calculate and credit this time violates law and BOP policy.

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts may be applied in habeas actions filed pursuant to 28 U.S.C. § 2241. Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states a "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

2:16-cv-01826-RBH    Date Filed 07/21/16    Entry Number 9    Page 3 of 8

Petitioner indicates that:

> I have submitted a request under the administrative remedy process
> adopted by the BOP seeking to have my prior time credited against my
> sentence. The request I submitted has been ignored for more than a month.
> The time spent in the county facility was not for any other sentence than
> this one. As a result, the time spent has to be credited under § 3585.

(DE# 1 at 5, ¶ 14(a)). Although Petitioner indicates he has a pending grievance, Petitioner does
not indicate when he filed such grievance, nor does he attach a copy of it. For relief, Petitioner
indicates that he "would like for the government to issue a writ of habeas corpus ordering the BOP
to inquire into the amount of time spent in my county jail facility and properly apply that time
served against my federal sentence as directed by statute."

## III.  Discussion

It is well-settled that a prisoner's request for sentencing credit for prior custody must be
made, in the first instance, to the Attorney General through the BOP upon imprisonment after
sentencing. *See United States v. Wilson*, 503 U.S. 329, 334 (1992) ("[Section] 3585(b) does not
authorize a district court to compute the [presentence detention] credit at sentencing."); *and see,
e.g., Davis v. Von Blanckensee,* 2016 WL 2944682, *3 (N.D.W.Va. May 20, 2016) ("This Court
has no power to credit Davis for time served; rather, that authority rests solely with the BOP.")
(citing § 3585(b) and *United States v. Wilson*).

Federal prisoners challenging the execution of their sentence must first exhaust their
administrative BOP remedies prior to seeking habeas review under 28 U.S.C. § 2241. *See Pelissero
v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999); *United States v. Harbison*, 148 F.App'x 187, 188
(4th Cir. 2005), *cert. denied,* 547 U.S. 1155 (2006) (affirming denial of district court's order
denying motion for credit for time spent in prior custody and observing that "[a]ny challenge to

the execution of sentence must be brought under 28 U.S.C. § 2241 (2000), after exhaustion of remedies through the Bureau of Prisons.").[2]

The federal BOP has established administrative procedures for review of such issues raised by federal prisoners. See 28 C.F.R. §§ 542.10–542.16; *and see Anderson v. Miller,* 772 F.2d 375 (7th Cir. 1985), *cert. denied,* 475 U.S. 1021 (1986) (discussing BOP administrative procedures for inmates at length). Generally, a prisoner must first file a grievance with the warden of the prison. If dissatisfied with the warden's response, the prisoner has twenty days to appeal to the Regional Director of the federal BOP, and upon receiving that decision, may appeal further to the BOP General Counsel.[3] See 28 C.F.R. § 542.15. Upon exhaustion of administrative remedies, the prisoner may then seek judicial review of any jail-time credit determination by filing a habeas petition under 28 U.S.C. § 2241. See 18 U.S.C.A. § 3585(b)(2); *Wilson,* 503 U.S. at 33; *Thomas v. Whalen,* 962 F.2d 358 (4th Cir. 1992); *Rogers v. United States,* 1999, 180 F.3d 349, 358 (1st Cir. 1999), *cert. denied,* 120 S.Ct. 958 (2000).

For example, in *Major v. Apker,* 576 F.App'x 284, 286 (4th Cir. 2014), the prisoner fully exhausted his BOP remedies regarding his request for sentencing credit. The prisoner filed a grievance, appealed the warden's denial to the regional level, and upon decision at the regional level, further appealed to the Central Office (which rendered a decision). Having exhausted his administrative BOP remedies, the Fourth Circuit Court of Appeals observed that the prisoner could then file a § 2241 petition and obtain judicial review. *Id.* at 286 (holding that upon exhaustion of

---

[2] Binding case law requires exhaustion of administrative remedies before a prisoner may bring a § 2241 petition. For clarity's sake, it is noted that the requirements of the Prison Litigation Reform Act ("PLRA") do not apply to §2241 petitions challenging the execution of a sentence.

[3] There are several exceptions not applicable here. For example, the regulations provide that "formal administrative remedy requests regarding initial decisions that did not originate with the Warden, or his/her staff, may be initially filed with the Bureau office which made the original decision, and appealed directly to the General Counsel. See 28 C.F.R. § 542.14(d)((5).

BOP remedies, the district court could review the § 2241 petition regarding the inmate's request for sentencing credit).

Review of the present Petition reflects that the Petitioner has failed to exhaust the BOP's administrative remedies. Courts routinely require such administrative exhaustion and dismiss unexhausted petitions. *See, e.g., Henderson v. Warden, Edgefield Satellite Prison Camp,* Case No. 2:09–cv–01599–RBH, 2009 WL 3317149, *2 (D.S.C. South Oct. 14, 2009) (dismissing case because federal inmate failed to exhaust BOP administrative remedies prior to filing § 2241 petition).

Although the Petitioner complains that his initial grievance has been pending over one month, he does not indicate when he filed it or how long it has been pending. Although the Petitioner contends that he should be able to proceed "as if it had been denied," the Petitioner's impatient and conclusory statement is not sufficient to show that the regulatory framework and required administrative procedures are ineffective, unavailable, or otherwise futile. *See, e.g., Taylor v. Pate,* Case No. 8:08–2634–HMH–BHH, 2009 WL 1079574, *3 (D.S.C. April 21, 2009) (dismissing for failure to exhaust administrative remedies and observing that "[t]his district has held that, under circumstances where the Complaint has been filed so quickly after the grievance, it cannot be said that remedies are unavailable."); *Kennedy v. Nunnaly,* Case No. 4:08–0146–PMD–TER, 2009 WL 778708, *3 (D.S.C. March 20, 2009) (same, observing that when inmate filed in federal court, "officials were still investigating and processing his grievance, which means at the time the present action was initiated, his administrative remedies had not been exhausted, and it could not be said that they were somehow constructively unavailable to him.").[4]

---

[4] While these two cases were "conditions of confinement" case subject to the PLRA, the courts' observations about premature filing while grievances are pending are pertinent here.

The exhaustion requirement may in limited circumstances be waived. *See, e.g., Larue v. Adams,* 2006 WL 1674487, *7 (S.D.W.Va. June 12, 2006) ("The requirement that federal prisoners exhaust administrative remedies prior to seeking habeas relief under 28 U.S.C. § 2241 is judicially imposed and therefore, may be excused when the exhaustion process would be futile.). However, the present Petitioner has not shown any proper basis for bypassing the requirement of administrative exhaustion. Petitioner has several years remaining to serve on his 60 month sentence, and he has not articulated any reason why he could be "irreparably harmed" without immediate judicial relief. *See, e.g., Beharry v. Ashcroft,* 329 F.3d 51, 62 (2d Cir. 2003) (discussing possible exceptions to exhaustion requirement). Petitioner has not indicated (and the record does not reflect) that the Petitioner would be unable to exhaust remedies before his sentence approaches completion. In other words, there is still sufficient time for proper administrative exhaustion, and if necessary, review of any sentencing credit decision.

Therefore, as the Petitioner acknowledges on the face of the Petition that he has not yet exhausted his administrative remedies, and as he admittedly has an initial grievance currently pending with the BOP, this unexhausted Petition should be dismissed without prejudice for failure to exhaust administrative remedies.

## IV. Certificate of Appealability ("COA")

Rule 11 of the Rules Governing Section 2255 Cases provides "the district court must issue or deny a COA when it enters a final order adverse to the applicant." A COA may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been denied on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a COA will not issue unless the petitioner demonstrates both (1) that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). The Petition on its face indicates that the Petitioner has a pending grievance. Petitioner acknowledges, and the record reflects, that the Petitioner has not exhausted administrative remedies. The undersigned recommends that jurists of reason would not find this procedural ruling debatable. This Petition does not meet the criteria for issuance of a COA.

## V.  Recommendation

Accordingly, the Magistrate Judge recommends that the Petition (DE# 1) be **summarily dismissed** without prejudice and without requiring the respondent to file a return; a certificate of appealability should not be issued.

_____

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

July 20, 2016
Charleston, South Carolina
The *pro se* Petitioner's attention is directed to the following **important notice**:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).