UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Dorsey Lamar Taylor, ) | Civil Action No.: 2:16-cv-01826-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden, Satellite Prison Camp at ) | |
| Edgefield, South Carolina, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Dorsey Lamar Taylor, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Petition, ECF No. 1. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Mary Gordon Baker.[1] *See* R & R, ECF No. 9. The Magistrate Judge recommends that the Court summarily dismiss Petitioner's § 2241 petition without prejudice and without requiring Respondent to file a return, and that the Court not issue a certificate of appealability. R & R at 1, 7. Petitioner has filed timely objections to the R & R. *See* Pet.'s Objs., ECF No. 12.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina.

matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

### **Discussion**[2]

Petitioner pleaded guilty to violating 21 U.S.C. § 841 and was sentenced to sixty months' imprisonment.[3] Pet. at 3; *see United States v. Taylor*, No. 2:13-cr-00034-RWS-JCF-2 (N.D. Ga.). In his § 2241 petition, Petitioner alleges the Federal Bureau of Prisons ("BOP") has failed to give him proper credit for time he served in a county jail facility prior to his sentencing, as required by 18 U.S.C. § 3585(b). Pet. at 1, 5. Petitioner further alleges he has submitted a request under the BOP's administrative remedy process, but this request "has been ignored for more than a month." *Id.* The Magistrate Judge recommends summarily dismissing Petitioner's § 2241 petition because he has failed to exhaust the BOP's administrative remedies. R & R at 5.

Petitioner makes three objections to the R & R. *See* Pet.'s Objs. at 1. First, he argues "the

---

[2]     The R & R contains a full summary of the procedural and factual history of this case, as well as the applicable legal standards.

[3]     Petitioner pleaded guilty and was sentenced in the United States District Court for the Northern District of Georgia. R & R at 2; *see United States v. Taylor*, No. 2:13-cr-00034-RWS-JCF-2 (N.D. Ga.). Petitioner is presently confined at the Edgefield Satellite Prison Camp in Edgefield, South Carolina. Pet. at 2.

2

BOP's administrative remedy process is not the exclusive remedy for addressing errors of sentence calculations, which violate federal law." *Id.* However, as the Magistrate Judge correctly explains, a prisoner seeking sentencing credit for prior custody must first make his request to the Attorney General through the BOP upon imprisonment after sentencing. R & R at 3 (citing *United States v. Wilson*, 503 U.S. 329, 334 (1992) (interpreting 18 U.S.C. § 3585(b))). Moreover, although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies before seeking habeas review under § 2241. *See, e.g.*, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973) (requiring exhaustion in a § 2241 matter); *Timms v. Johns*, 627 F.3d 525, 530-33 (4th Cir. 2010) (same); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions."); *Miller v. Clark*, 958 F.2d 368, 1992 WL 48031, at *2 (4th Cir. 1992) (unpublished table opinion) ("Federal prisoners who wish to challenge the length of their confinement must first exhaust administrative remedies."); *Henderson v. Warden, Edgefield Satellite Prison Camp*, No. 2:09-cv-01599-RBH, 2009 WL 3317149, at *2 (D.S.C. Oct. 14, 2009) ("It is well settled that a federal prisoner is required to exhaust his administrative remedies within the BOP before filing an action pursuant to § 2241."). Accordingly, the Court overrules Petitioner's first objection.

Second, Petitioner contends "the requirement of exhaustion is not jurisdictional, but is a defense to be raised by the Respondent, if at all." Pet.'s Objs. at 1. Contrary to Petitioner's contention, the United States Court of Appeals for the Fourth Circuit has recognized that administrative exhaustion is ordinarily a jurisdictional prerequisite to a § 2241 action. *See Timms*, 627 F.3d at 533 ("Because Timms has failed to exhaust the alternative remedies available for review of his detention in the pending Commitment Action and has failed to demonstrate exceptional circumstances sufficient to excuse his

failure, *the district court should have refrained from exercising jurisdiction* over Timms' [§ 2241] habeas petition." (emphasis added)). Furthermore, while failure to exhaust administrative remedies is an affirmative defense, a district court may raise exhaustion sua sponte and summarily dismiss a § 2241 petition without prejudice if failure to exhaust is plainly apparent from the face of the petition. *See* Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts[4] ("The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); *Henderson*, 2009 WL 3317149, at *4 (sua sponte raising the issue of exhaustion and summarily dismissing a § 2241 petition). Accordingly, the Court overrules Petitioner's second objection.

Last, Petitioner asserts the staff at his institution have "made it impossible to exhaust his administrative remedies by not responding to two requests (the first step of the process), which were submitted more than four months ago." Pet.'s Objs. at 1. As the Magistrate Judge explains, the BOP has a three-tiered administrative remedy program whereby a federal inmate may seek review of complaints relating to any aspect of his confinement: (1) a prisoner must first file a written request with the prison's warden; (2) if dissatisfied with the warden's response, the prisoner may then submit an appeal to the appropriate regional director; and (3) if dissatisfied with the regional director's response, the prisoner may then submit an appeal to the BOP's general counsel. *See* 28 C.F.R. §§ 542.14 and 542.15. Appeal to the general counsel is the final level of administrative review, after which the

---

[4] The Rules Governing Section 2254 Cases are applicable to § 2241 petitions. *See* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Court.

4

prisoner may then seek judicial review of any jail-time credit issue by filing a § 2241 petition. *See id.* § 542.15; *Wilson*, 503 U.S. at 334; *Thomas v. Whalen*, 962 F.2d 358, 360 (4th Cir. 1992).

Here, Petitioner alleges he has "submitted a request under the administrative remedy process adopted by the BOP," but has not received a response to his request at "the first step of the process." Pet. at 5; Pet.'s Objs. at 1. It appears Petitioner is claiming the prison warden—the administrative official to whom the request is first made, *see* 28 C.F.R. § 542.14—has not responded to his requests. The BOP's administrative remedy program contemplates such a scenario per the following regulation: "If the inmate does not receive a response within the time allotted for reply,[5] including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Thus, the warden's alleged failure to respond constitutes a denial, and if Petitioner is dissatisfied, he must still pursue the next two levels of administrative review by appealing to the appropriate regional director, and if necessary, to the general counsel. *See* 28 C.F.R. §§ 542.14 and 542.15; *see, e.g.*, *Van Horn v. Cross*, No. 1:09-cv-00150-IMK-DJJ, 2010 WL 1506007, at *2 (N.D.W. Va. Mar. 1, 2010) (applying 28 C.F.R. § 542.18 to a § 2241 petitioner's allegation "that he filed an informal grievance but that he failed to receive a response"; and explaining "a lack of response does not relieve an inmate of his duty to complete each level of the administrative process, allow him to abandon the process or otherwise waive the exhaustion requirements"), *adopted by*, 2010 WL 1506009 (N.D.W. Va. Apr. 13, 2010). Because Petitioner has not fully exhausted his administrative remedies within the BOP, the Court must dismiss his § 2241 petition without prejudice. The Court overrules Petitioner's third objection.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a

---

[5]   The prison warden must respond to a prisoner's request "within 20 calendar days." 28 C.F.R. § 542.18.

constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## Conclusion

The Court has reviewed the entire record, including the § 2241 petition, the Magistrate Judge's R & R, and Petitioner's objections, and considered the applicable law. The Court has conducted a de novo review of those portions of the R & R to which Petitioner objects. For the reasons stated in this Order and in the R & R, the Court overrules Petitioner's objections and adopts and incorporates the R & R [ECF No. 9] by reference.

Accordingly, the Court **DISMISSES** Petitioner's § 2241 petition *without prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina                                             s/ R. Bryan Harwell
January 25, 2017                                                           R. Bryan Harwell
                                                                      United States District Judge